ORAL ARGUMENT SCHEDULED FOR NOVEMBER 5, 2018

---

No. 17-7155

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

D.C. ASSOCIATION OF CHARTERED PUBLIC SCHOOLS, *et al.*,
APPELLANTS,

v.

DISTRICT OF COLUMBIA, *et al.*,
APPELLEES.

---

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

**SUPPLEMENTAL BRIEF FOR APPELLEES DISTRICT OF COLUMBIA,
MURIEL BOWSER, AND JEFFREY DEWITT**

---

KARL A. RACINE
Attorney General for the District of Columbia

LOREN L. ALIKHAN
Solicitor General

CAROLINE S. VAN ZILE
Deputy Solicitor General

JASON LEDERSTEIN
Assistant Attorney General
Office of the Solicitor General

Office of the Attorney General
441 4th Street, NW, Suite 630 South
Washington, D.C. 20001
(202) 724-5671
jason.lederstein@dc.gov

## **TABLE OF CONTENTS**

STATEMENT OF THE SUPPLEMENTAL ISSUE ................................................1

ARGUMENT .................................................................................................................1

    I.    The District Court Did Not Have Federal-Question Jurisdiction, So This Case Must Be Dismissed .........................................................1

        A.    The School Reform Act is not a federal law for purposes of federal-question jurisdiction because it was enacted exclusively for the District of Columbia.....................................2

        B.    The Supremacy Clause and Home Rule Act counts in the complaint do not give rise to federal-question jurisdiction ........4

CONCLUSION ...........................................................................................................10

## TABLE OF AUTHORITIES*

*Cases*

*Armstrong v. Exceptional Child Ctr., Inc.*, 135 S.Ct. 1378, 1383 (2015) ................. 6

*Brown v. United States*, 742 F.2d 1498 (D.C. Cir. 1984) ....................................... 5, 7

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ...................................................... 4

*Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360 (D.C. Cir. 2007) ........ 8

*Dimond v. District of Columbia*, 792 F.2d 179 (D.C. Cir. 1986) .......................... 2, 8

*District Properties Associates v. District of Columbia*,
743 F.2d 21 (D.C. Cir. 1984) .................................................................................. 2-3

*Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) ........ 5

*Franchise Tax Bd. of the State of Cal. V. Constr. Laborers Vacation Tr. For S. Cal.*,
463 U.S. 1 (1983) ..................................................................................................... 4, 9

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) 4-5

*McKinney-Byrd Acad. Pub. Charter Sch. v. District of Columbia,* No. CIV.A. 04-02230 RBW, 205 WL 1902873 (D.D.C. July 21, 2005) ........................................... 3

*Thomas v. Barry*, 729 F.2d 1469 (D.C. Cir. 1984) ..................................................... 8

*Vaden v. Discover Bank*, 556 U.S. 49 (2009) ............................................................. 4

*Constitutional Provisions*

U.S. Const. art. I, § 8, cl. 17 ......................................................................................... 5

U.S. Const. art. VI, cl. 2 ........................................................................................... 1, 6

---

\*      Authorities upon which we chiefly rely are marked with asterisks.


*Statutes and Regulations*

28 U.S.C. § 1331 ......................................................................................................... 2

28 U.S.C. § 1336 ......................................................................................................... 2

28 U.S.C. § 1367 ....................................................................................................... 10

District of Columbia School Reform Act of 1995 ("School Reform Act"), Pub. L. No. 104-134, 110 Stat. 1321-107 (Apr. 26, 1996) .......................................... 1, 3, 5-7

School Reform Act:

§ 2401 ...........................................................................................................

Home Rule Act, Pub. L. 93-198, 87 Stat. 774 (Dec. 24, 1973) ......................... 1, 5-7

Home Rule Act:

§ 601 .................................................................................................................... 5, 8

§ 602(a)(3) ......................................................................................................... 7-8

# GLOSSARY

ERISA            Employment Retirement Security Act of 1974

JA               Joint Appendix

## STATEMENT OF THE SUPPLEMENTAL ISSUE

Appellants, the D.C. Association of Chartered Public Schools, Eagle Academy Public Charter School, and Washington Latin Public Charter School (collectively, the "Charter Schools"), brought suit in the district court for declaratory and injunctive relief, alleging that the District of Columbia's practices for funding the traditional public school system in relation to charter schools violated the congressionally enacted District of Columbia School Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-107 (Apr. 26, 1996) ("School Reform Act"). The Charter Schools also added separate counts under the Supremacy Clause of the Constitution, U.S. Const. art. VI, cl. 2, and the Home Rule Act, Pub. L. No. 93-198, 87 Stat. 774 (1973).

The supplemental issue is:

Whether the district court had federal-question jurisdiction over plaintiffs' claims when the School Reform Act is considered local law because it was passed exclusively for the District, and the other counts added no alternative basis for the relief the Charter Schools requested.

## ARGUMENT

**I.     The District Court Did Not Have Federal-Question Jurisdiction, So This Case Must Be Dismissed.**

The crux of the Charter Schools' complaint is that the District is violating the School Reform Act. While enacted by Congress, the School Reform Act has

exclusive application to the District and is thus considered local—not federal—law for purposes of federal-question jurisdiction. It thus provides no basis for the suit to be bought in federal court. And while the Charter Schools also alleged separate counts for violations of the Supremacy Clause and the Home Rule Act, neither provides an independent basis for federal-question jurisdiction. At best, these counts were raised only in anticipation of the District's defense that it otherwise had authority to amend or repeal the School Reform Act, and that is insufficient to create federal-question jurisdiction.

> **A. The School Reform Act is not a federal law for purposes of federal-question jurisdiction because it was enacted exclusively for the District of Columbia.**

Federal-question jurisdiction is governed by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* "For purposes of" that statute, however, "references to laws of the United States or Acts of Congress do not include laws applicable exclusively to the District of Columbia." *Id.* § 1366; *see Dimond v. District of Columbia*, 792 F.2d 179, 188 (D.C. Cir. 1986).

In *District Properties Associates v. District of Columbia*, 743 F.2d 21 (D.C. Cir. 1984), this Court outlined the applicable standard for determining whether an act of Congress affecting the District creates federal-question jurisdiction:

> When Congress acts as the local legislature for the District of Columbia and enacts legislation applicable *only* to the District of Columbia and

2

>tailored to meet specifically local needs, its enactments should—absent evidence of contrary congressional intent—be treated as local law, interacting with federal law as would the laws of the several states.

*Id.* at 27 (emphasis added).

The Charter Schools do not dispute that the School Reform Act applies only to the District, nor could they. They expressly acknowledged in their complaint that Congress was acting as the legislature for the District when it passed the School Reform Act, JA 14, and they otherwise concede that "Congress sought through the School Reform Act to create local structures that ensure greater educational opportunities for D.C. children." Appellant's Br. 9 (internal quotation marks, brackets, and ellipses omitted). Moreover, the section of the School Reform Act on which the Charter Schools rely is one that directs the "Mayor and the District of Columbia Council" to allocate local, annual budget payments to both of the District's public-school sectors. School Reform Act, § 2401; JA 21, 39. Tellingly, the School Reform Act is codified in the D.C. Code—not the U.S. Code, where federal laws are typically registered. Any claim under the School Reform Act therefore is not a civil action arising under federal law, but rather is purely local. *See, e.g., McKinney-Byrd Acad. Pub. Charter Sch. v. District of Columbia*, No. CIV.A. 04-02230 RBW, 2005 WL 1902873, at *2 (D.D.C. July 21, 2005) (concluding that the School Reform Act did not create federal-question jurisdiction),

3

*case dismissed sub nom. McKinney-Byrd Acad. Pub. Charter Sch. v. Gov't of District of Columbia*, No. 05-7115, 2005 WL 3789050 (D.C. Cir. Oct. 31, 2005).

### B. The Supremacy Clause and Home Rule Act counts in the complaint do not give rise to federal-question jurisdiction.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987). Under this analysis, the inquiry is whether the plaintiffs' own statement of their cause of action shows that it is based on federal law or the Constitution, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Vaden v. Discover Bank*, 556 U.S. 49, 59, 67 (2009). "Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). While such an anticipatory count in a complaint indicates that a question under the Constitution or a federal law may arise in the litigation, federal jurisdiction can exist only when those authorities, at minimum, are necessary to resolve the state law claim, or in other words, are an essential element of the plaintiff's original cause of action. *Id*. at 10-11; *see Grable & Sons Metal Prods., Inc v. Darue Eng'g. & Mfg.*, 545 U.S.

4

308, 312, 314-15 (2005) (finding federal-question jurisdiction in a suit to quiet title to property sold to defendant by the IRS under a federal tax seizure, where the prior-owner plaintiff claimed it did not receive proper notice under federal law).[1]

In this case, the Charter Schools' affirmative claim for relief depends solely on whether the District, through its public-school funding practices, violated the School Reform Act, which is a law exclusively applicable to the District. *See Brown v. United States*, 742 F.2d 1498, 1502 (D.C. Cir. 1984) (holding that, absent evidence of contrary congressional intent, enactments by Congress as the local legislature for the District are treated as local law). While the complaint traces the lineage of the School Reform Act to Congress's underlying authority over the District under U.S. Const. art. I, § 8, cl. 17 ("District Clause"), as declared in Section 601 of the Home Rule Act,[2] JA 34, and thus claims that the Act is the "supreme law of the [l]and" under the Supremacy Clause, JA 36, this does not transform any alleged violation of

---

[1]  Even if a federal issue is therefore "embedded" in a state-law claim, it does not guarantee that federal-question jurisdiction will arise, as courts will look to see if the issue is also actually disputed, substantial, and can be resolved without disturbing the balance between federal and state jurisdiction. *Grable*, 545 U.S. at 313-14; *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (describing *Grable* as holding that the notice issue under federal law was an "essential element" of the quiet title claim, was dispositive, and would control numerous other cases with this issue).

[2]  In pertinent part, Section 601 states that "the Congress of the United States reserves the right, at any time, to exercise its constitutional authority as legislature for the District, by enacting legislation on any subject." Home Rule Act, § 601.

5

the School Reform Act into constitutional or federal causes of action, nor make those authorities an essential element of the Charter Schools' request for injunctive relief.

Neither the Supremacy Clause nor the Home Rule Act provide alternative bases for the Charter Schools to claim relief. The Supremacy Clause "is not the source of any federal rights and certainly does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015). It is simply a "rule of decision" that instructs courts in circumstances where federal and state laws clash. *Id.* If the Charter Schools were entitled to equitable relief from the District's school-funding practices from a well-pleaded complaint, it would be based on violations of the School Reform Act, not the Supremacy Clause. And if the Charter Schools failed on their School Reform Act count, the Supremacy Clause is irrelevant because there would not even be a purported federal law violation to which it could be applied, so that count provides them with no alternative avenue for an injunction. So too with the Home Rule Act, which implements the District Clause. The Charter Schools would first need to show an underlying violation of the School Reform Act before there would be any reason to consult the Home Rule Act, and thus the Act does not give rise to relief in itself.

Instead, it appears that the Charter Schools included the Supremacy Clause and Home Rule Act counts in anticipation of the District's defense in the event a violation of the School Reform Act were found: namely, that if the District acted

6

inconsistently with the School Reform Act, it had the authority under Section 602(a)(3) of the Home Rule Act to amend or repeal congressional legislation enacted exclusively for the District.³ This is indeed what occurred when the District filed its motion to dismiss the complaint. JA 122-25; *see also* JA 164. Only then do the Supremacy Clause and Home Rule Act counts become in any way facially relevant as the beginnings of the Charter Schools' rejoinder that when Congress exercises its retained authority to legislate for the District, such action preempts the District from taking an inconsistent approach unless otherwise stated. JA 123; App. Br. 41-42, 50-51. Indeed, were the District to have simply denied that it violated the School Reform Act, the Supremacy Clause and Home Rule Act counts are decidedly inapposite.

The Charter Schools would fare no better to the extent they might seek to characterize their complaint as a garden-variety federal preemption case attempting to invalidate local laws governing the District's funding practices. As noted, the School Reform Act is not federal law because it applies only to the District. *Brown*, 742 F.2d at 1502. And before any principles of federal preemption come into play,

---

³ Under a heading regarding the limitations on Council action, Section 602(a)(3) states that "[t]he Council shall have no authority to . . . enact any act to amend or repeal any Act of Congress . . . which is not restricted in its application exclusively to the District." Home Rule Act, § 602(a)(3).

7

the District's laws would have to be found to have violated the School Reform Act (*i.e.*, local law) in the first instance.

Moreover, to the extent the Charter Schools' claim is that the Home Rule Act somehow preempts the District's actions, that Act is a "hybrid" of federal and local law, with the latter encompassing those provisions that, again, apply exclusively to the District, as opposed to directing actions of federal agencies. *Thomas v. Barry*, 729 F.2d 1469, 1471 (D.C. Cir. 1984); *see Dimond*, 792 F.2d at 188 (holding that the Home Rule Act's limits on the Council's authority to modify the organization and jurisdiction of both the local and federal court system in the District are local law); *Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360, 363 (D.C. Cir. 2007) (indicating that the Home Rule Act's direction for the Council to read proposed legislation twice in substantially the same form at least 13 days apart was local law provision). While Section 601 of the Home Rule Act refers to Congress, it unequivocally relates to Congress's residual authority over the District, not its federal powers regarding the Nation as a whole. Home Rule Act § 601. Any dispute about its meaning is therefore local law, just as is any dispute about whether Section 602(a)(3) of the Home Rule Act applies to pre- and post-Home Rule Act congressional legislation, which became a focal point of proceedings on the District's motion to dismiss. JA 123-28.

8

In any event, the issues here resemble *Franchise Tax Board*, where the Supreme Court found that federal preemption issues do not give rise to federal-question jurisdiction where a violation of state law is the predicate issue. There, a tax board in Southern California filed suit in state court under California law to recoup unpaid personal income taxes from a trust fund that had been established by members of the construction industry to fund annual paid vacation for workers under their collective bargaining agreements. 463 U.S. at 4-6. In its complaint, the tax board included a "cause of action" referencing the trust fund's contention that it was exempt under the Employment Retirement Income Security Act of 1974 ("ERISA"), which the tax board disputed in seeking declaratory relief. *Id.* at 6-7. The case was removed to federal court based on the ERISA issue, but the Supreme Court held that was error, concluding that "federal law [became] relevant only by way of a defense to an obligation created entirely by state law, and then only if [the tax board] has made out a valid claim for relief under state law." *Id.* at 13. According to the Court, "the well-pleaded complaint rule was framed to deal with precisely such a situation," and thus it precluded removal to federal court "on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 13-14.

9

If a case cannot be heard in federal court even when the parties acknowledge that a federal issue is the only one to resolve in a case dependent initially on state law, then certainly here, where the parties dispute whether the School Reform Act was violated in the first instance, the Charter Schools' anticipatory reference to federal law cannot give rise to federal-question jurisdiction.[4]

## CONCLUSION

This Court should dismiss for lack of jurisdiction.

---

[4] Without a count giving rise to federal-question jurisdiction, there can be no basis for supplemental jurisdiction under 28 U.S.C. § 1367, so there is no need to evaluate that issue.

10

                              Respectfully submitted,

                              KARL A. RACINE
                              Attorney General for the District of Columbia

                              LOREN L. ALIKHAN
                              Solicitor General

                              CAROLINE S. VAN ZILE
                              Deputy Solicitor General

                              /s/ Jason Lederstein
                              JASON LEDERSTEIN
                              Assistant Attorney General
                              Bar Number 55722
                              Office of the Solicitor General

                              Office of the Attorney General
                              441 4th Street, NW, Suite 630 South
                              Washington, D.C. 20001
                              (202) 724-5671
                              (202) 715-7724 (fax)
October 2018                 jason.lederstein@dc.gov

# CERTIFICATE OF SERVICE

I certify that on October 29, 2018, electronic copies of this supplemental brief were served through the Court's ECF system, to the following counsel:

Carol J. Nichols
Kelly P. Dunbar
Tomas C. Kost
Karin Dryhurst
Justin Baxenberg
*Counsel for appellants*

John Hoellen
Lauren R.S. Mendonsa
*Counsel for* amicus curiae *Council of the District of Columbia*

Jonathan Smith
Kent T. Withycombe
Kaitlin Banner
Roger E. Warin
Osvaldo Vazquez
Marcus Gadson
Jeffrey D. Robinson
*Counsel for* amicus curiae *21st Century Fund, et al.*

                                                /s/ Jason Lederstein
                                                JASON LEDERSTEIN

# CERTIFICATE OF COMPLIANCE

I further certify that this brief complies with the 2,600 word volume limitation in this Court's Order for Supplemental Briefing, entered on October 22, 2018, because the brief contains 2,411 words, excluding exempted parts. This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14 point.

/s/ Jason Lederstein
JASON LEDERSTEIN